# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 23-1858V

|  |  |
|---|---|
| MILDRED SHEA, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 13, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 20, 2023, Mildred Shea filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on October 17, 2022. Petition, ECF No. 1. On January 31, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,075.86 (representing $24,705.00 in fees plus $2,370.86 in costs). Motion for Attorney's Fees, filed on April 18, 2025. ECF No. 36. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 36 at 2.

Respondent reacted to the motion on May 2, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 37. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 38

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by Leah Durant, Mike Milmoe, and their supporting paralegals for all time billed through the end of 2024, are reasonable and consistent with our prior determinations and shall be awarded. However, the rates requested by Leah Durant for her time billed in 2025 and Elizabeth Vitt for her time billed in 2024-25 require adjustment.

Attorney Durant was previously awarded the *lesser* rate of $530.00 for work performed in 2025. *See Jackman* v. *Sec'y of Health & Hum. Servs.,* No. 23-1749, Slip Op. 36 (Fed. Cl. Spec. Mstr. June 24, 2025). And Ms. Vitt was previously awarded $430.00 for time billed in 2024 and $460.00 for time billed in 2025. *See Toothman* v. *Sec'y of Health & Hum. Servs.,* No. 22-0207V, Slip Op. 47 (Fed. Cl. Spec. Mstr. July 29, 2025). I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce the hourly rates for both attorneys to be consistent with rates previously awarded to them. **Application of the foregoing reduces the fees to be awarded by $338.50.**[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 36-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$26,737.36 (representing $24,366.50 in fees plus $2,370.86 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] This amount is calculated as follows: ($550.00 - $530.00 = $20.00 x 3.50 hours billed by Ms. Durant in 2025) + ($475.00 - $430.00 = $45.00 x 3.30 hours billed by Ms. Vitt in 2024) + ($508.00 - $460.00 = $48.00 x 2.50 hours billed by Ms. Vitt in 2025) = $338.50.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.